UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20623-CR-LENARD

**UNITED STATES OF AMERICA**,

v.

**MARIA VICTORIA SUAREZ,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE RULE 404(b)**
**EVIDENCE (D.E. 83)**

**THIS CAUSE** is before the Court on Defendant Maria Victoria Suarez's ("Suarez") Motion to Exclude Rule 404(b) Evidence ("Motion," D.E. 83), filed on August 18, 2010. On August 26, 2010, the Government filed its response in opposition ("Response," D.E. 89). Suarez did not file any reply. Having considered the Motion, Response, related pleadings, and the record, the Court finds as follows.

    **I.**    **Background**

On October 30, 2009, the Government filed a Second Superseding Indictment ("Indictment," D.E. 44), charging Suarez and her co-defendant and husband Ruben Rodriguez ("Rodriguez") with conspiracy in violation of 18 U.S.C. § 371 (Count 1), fraud in connection with computers in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) (Count 2), wrongful disclosure of individually identifiable health information in violation of 42 U.S.C. § 1320d-6(a)(2) and (b)(3) (Count 3), and aggravated identity theft in violation of

18 U.S.C. § 1028A(a)(1) (Counts 4-6).[1] [2] The Indictment alleges Suarez's involvement in a scheme whereby she and her husband paid an employee at Jackson Memorial Hospital ("JMH") named Rebecca Garcia ("Garcia"), in exchange for the names, addresses, telephone numbers, and admitting diagnoses of patients. This patient information would then be sold to personal injury attorneys in exchange for a percentage of any recovery or settlement. The Indictment alleges the conspiracy occurred between November 2006 and March 30, 2009.

On January 14, 2010, the Government filed its Notice of Intent to Introduce Evidence Pursuant to Rule 404(b) ("Notice," D.E. 56). The Notice states that the Government intends to introduce evidence that at some point in 2000 or 2001, Rodriguez approached Raul Martinez ("Martinez"), the owner and operator of the Personal Injury Clinic, Inc. ("PIC"), and offered to refer patients to PIC in exchange for 35% of whatever PIC later recovered from those patients' insurance companies. PIC was a corporation with several clinics in Miami-Dade County, Florida, that specialized in providing health care services to individuals suffering injuries as a result of an accident. The Government intends to introduce evidence that Martinez accepted the offer and would typically pay Rodriguez at his clinics with envelopes containing cash. The Government also intends to introduce evidence that "[o]n

---

[1] Rodriguez was additionally charged with obstruction of justice in violation of 18 U.S.C. § 1503.

[2] Defendants were also charged in a separate indictment in Case No. 10-20124-CR-Lenard. That case similarly involves a charged conspiracy to obtain personal medical information from an employee of an ambulance service provider and sell that information to personal injury attorneys and personal injury clinics.

a few of these occasions, Suarez was present with Rodriguez when the payment was made" and "on two specific occasions, Suarez came to PIC alone to obtain the cash payments from Martinez." (Notice at 2.)

**II.     Motion**

Suarez's Motion seeks to exclude this evidence on the grounds that the "information contained in the government's discovery concerning Mrs. Suarez's alleged acts approximately ten years ago is too sketchy (as to time, place, nature of offense, etc.) to permit Mrs. Suarez to confront such evidence at trial." (Motion at 3.) Additionally, Suarez argues the Government does not allege that the unspecified payments referenced were even unlawful. (Id.) Suarez also argues the evidence is inadmissible under Rule 404(b) because evidence related to payments to a medical clinic is too unrelated to the charged offenses of unlawfully obtaining medical information to sell to personal injury attorneys. (Id. at 3-4.)

In response, the Government argues the proposed evidence is admissible under Rule 404(b) as evidence of Suarez's intent, plan, knowledge, and absence of mistake. Specifically, the Government intends to introduce evidence that Suarez was involved with receiving kickbacks from PIC during the same period of time that she was involved in the charged offenses. The Government indicates it has interviewed Martinez and it would present evidence that Suarez was at least present on a few occasions when Martinez handed Rodriguez the envelopes containing cash. Martinez would also testify that Suarez came alone to PIC on at least two occasions to obtain the cash payments from Martinez and that

3

these meetings occurred no earlier than 2007 or 2008. The Government argues Suarez's involvement and conduct in connection with PIC is almost identical to her involvement with the charged offenses and is immensely probative of the fraudulent methods she used while simultaneously conspiring to commit the charged offenses. The Government further argues that any prejudice can be cured through the use of a cautionary instruction.

### III. Discussion

Defendant seeks to preclude the Government from introducing evidence involving PIC under Federal Rule of Evidence 404(b). Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

In order for evidence to be admissible under Rule 404(b), "(1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citing United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000)).

Finally, the Court must balance whether the evidence is more prejudicial than

probative under Federal Rule of Evidence 403. See United States v. Church, 955 F.2d 688, 700 (11th Cir. 1992); United States v. Huppert, 917 F.2d 507 (11th Cir. 1990). Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The Court finds that evidence concerning Suarez's involvement with PIC is admissible pursuant to Rule 404(b) as evidence of her intent, plan, knowledge, and absence of mistake or accident. First, the evidence is relevant and highly probative as to the issue of her intent or knowledge. Evidence that Suarez traveled alone to personal injury clinics to receive cash payments in exchange for referrals is highly probative of her intent to engage in the charged scheme to obtain kickbacks from personal injury attorneys in exchange for stolen patient information. Second, Martinez's testimony would provide sufficient proof to establish by a preponderance of the evidence that Suarez committed the acts in question. Third, the probative value of evidence of Suarez's involvement at PIC greatly outweighs any prejudice. Any prejudice could be cured by a standard instruction at trial. Moreover, the Government provides a detailed response of the evidence it intends to elicit in response to Suarez's objections to the timing of the Rule 404(b) acts. Based upon Martinez's proffered testimony, Suarez's two visits to obtain payment from PIC occurred no earlier than 2007 or 2008. Her involvement with PIC also coincides with the period of the charged conspiracy.

Suarez's additional argument that her involvement with PIC, as a medical clinic, is too unrelated to her alleged involvement with receiving kickbacks from personal injury attorneys, is similarly unavailing. Accordingly, consistent with this Order, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Exclude Rule 404(b) Evidence (D.E. 83) is **DENIED**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2010.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**